I hereby certify on 1/31/08 that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on
☐ original filed in my office on 12/30/02
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
Deputy Clerk

AO 245B Sheet 1 - Judgment in a Criminal Case - D. Massachusetts (03/02)

# United States District Court

## District of Massachusetts

UNITED STATES OF AMERICA
v.
GEORGE C. ROY

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 1: 01 CR 10358 - 01 - RGS

JOHN CICILLINE, ESQ.
Defendant's Attorney

☐ Reduction of Sentence for Changed Circumstances (Fed R Crim P35(b))

**THE DEFENDANT:**

☐ pleaded guilty to count(s): ______
☐ pleaded nolo contendere to counts(s) ______ which was accepted by the court.
☒ was found guilty on count(s) COUNTS 1-4 OF INDICTMENT after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 1956(h) | CONSPIRACY TO COMMIT MONEY LAUNDERING | 09/14/01 | 1 |
| 18 USC 1956(a)(3)(A) | MONEY LAUNDERING | 09/14/01 | 2-4 |

☐ See continuation page

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on counts(s) ______ and is discharged as to such count(s).

☐ Count(s) ______ is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

12/18/02
Date of Imposition of Judgment

Richard G. Stearns
Signature of Judicial Officer

The Honorable Richard G. Stearns
Name and Title of Judicial Officer

Date 12-30-02.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 00-00-48

Defendant's USM No.: 23877-038

Defendant's Residence Address:
107 ROLAND STREET
CUMBERLAND, RHODE ISLAND

Defendant's Mailing Address:
SAME

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 78 month(s)

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
- ☐ at ________ on ________
- ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
- ☒ before 12:00 pm on 01/22/03
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

______________________________________________

______________________________________________

______________________________________________

Defendant delivered on ____________________ to ______________________________

at ______________________, with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
Deputy U.S. Marshal

CASE NUMBER: 1: 01 CR 10358 - 01 - RGS

DEFENDANT: GEORGE C. ROY



## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 year(s)

☒ See continuation page

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated above).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**Continuation of Conditions of [x] Supervised Release [ ] Probation**

1. THE DEFENDANT SHALL NOT PURCHASE OR POSSESS A FIREARM OR ANY OTHER DANGEROUS WEAPON;

2. THE DEFENDANT SHALL PAY A FINE IN THE AMOUNT OF FIFTY THOUSAND DOLLARS ($50,000) IMMEDIATELY, OR ACCORDING TO A SCHEDULE TO BE DETERMINED BY THE U. S. PROBATION OFFICER;

3. THE DEFENDANT SHALL NOT INCUR ANY NEW CREDIT CHARGES OR OPEN ANY NEW LINES OF CREDIT WITHOUT THE PRIOR WRITTEN APPROVAL OF THE U. S. PROBATION OFFICER;

4. THE DEFENDANT SHALL PROVIDE ANY AND ALL FINANCIAL INFORMATION TO THE U. S. PROBATION OFFICER WHEN REQUESTED TO DO SO;

5. THE DEFENDANT SHALL PARTICIPATE IN A SUBSTANCE ABUSE PROGRAM AT THE DIRECTION OF THE U. S. PROBATION OFFICER, WHICH PROGRAM MAY INCLUDE RANDOM DRUG TESTING TO DETERMINE IF THE DEFENDANT HAS REVERTED TO THE USE OF DRUGS OR ALCOHOL. THE DEFENDANT MAY BE REQUIRED TO CONTRIBUTE TO THE COSTS OF SUCH SERVICES BASED ON THE ABILITY TO PAY, OR AVAILABILITY OF THIRD PARTY PAYMENT;

6. THE DEFENDANT SHALL MEET WITH INTERNAL REVENUE SERVICE AGENTS WITHIN THE FIRST SIXTY (60) DAYS OF THE PERIOD OF SUPERVISION IN ORDER TO DETERMINE THE PRIOR TAX LIABILITY AND FILE TAX RETURNS AND PAY ANY FUTURE TAXES
OWING;

7. THE DEFENDANT SHALL PAY A SPECIAL ASSESSMENT OF $400.00 FORTHWITH.

CASE NUMBER: **1: 01 CR 10358 - 01 - RGS**
DEFENDANT: **GEORGE C. ROY**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $400.00 | $50,000.00 | |

☐ The determination of restitution is deferred until ______. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | ☐ See Continuation Page |
| **TOTALS** | $0.00 | $0.00 | |

☐ If applicable, restitution amount ordered pursuant to plea agreement ______________

☒ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

CASE NUMBER: 1: 01 CR 10358 - 01 - RGS
DEFENDANT: GEORGE C. ROY

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of ________ due immediately, balance due

☐ not later than ____________, or
☐ in accordance with ☐ C, ☐ D, or ☐ E below; or

B ☒ Payment to begin immediately (may be combined with C, D, or E below); or

C ☐ Payment in ________ (e.g., equal, weekly, monthly, quarterly) installments of ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in ________ (e.g., equal, weekly, monthly, quarterly) installments of ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☒ Special instructions regarding the payment of criminal monetary penalties:

THE FINE SHALL BE PAID ACCORDING TO A SCHEDULE TO BE DETERMINED BY THE U. S. PROBATION OFFICER.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number, Defendant Name, and Joint and Several Amount:

☐ See Continuation Page

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
ONE HUNDRED TWENTY-THREE THOUSAND SIX HUNDRED DOLLARS ($123,600.00)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT

**District of Massachusetts**

UNITED STATES OF AMERICA
**V.**
GEORGE C. ROY

## STATEMENT OF REASONS

Case Number: **1: 01 CR 10358 - 01 - RGS**

JOHN CICILLINE, ESQ.
Defendant's Attorney

☒ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☐ The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

☐ See Continuation Page

**Guideline Range Determined by the Court:**

| | | | | |
|---|---|---|---|---|
| Total Offense Level: | 28 | | | |
| Criminal History Category: | II | | | |
| Imprisonment Range: | 87 | to | 108 | months |
| Supervised Release Range: | 2 | to | 3 | years |
| Fine Range: | $ $12,500.00 | to | $ $125,000.00 | |

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 00-00-48

Defendant's USM No.: 23877-038

Defendant's Residence Address:
107 ROLAND STREET
CUMBERLAND, RHODE ISLAND

Defendant's Mailing Address:
SAME

12/18/02
Date of Imposition of Judgment

Richard G. Stearns
Signature of Judicial Officer

The Honorable Richard G. Stearns
Judge, U.S. District Court
Name and Title of Judicial Officer

12-30-02.
Date

DEFENDANT: GEORGE C. ROY
CASE NUMBER: 1: 01 CR 10358 - 01 - RGS

# STATEMENT OF REASONS

☐ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ ____________

☐ Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

DEFENDANT: GEORGE C. ROY
CASE NUMBER: 1: 01 CR 10358 - 01 - RGS

# STATEMENT OF REASONS

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

**OR**

☒ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of a defendant's substantial assistance, or

☒ for the following specific reason(s):

FOR REASONS STATED ON THE RECORD IN OPEN COURT ON THIS DATE.

☐ See Continuation Page